IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES DESHAWN HALL,

           Plaintiff,

    v.

DEPUTY SPEARS, DEPUTY MCCARRAGHER,
DEPUTY ANDERSON, ANTHONY D. ROPER,
TIMOTHY J. FRANCIS, JACOB L. ARNESON,
MICHAEL J. WILK and G. WAGNER,

           Defendants.

OPINION and ORDER

17-cv-749-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Charles Deshawn Hall is a federal inmate incarcerated by the Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. He is proceeding in this case on claims arising from his confinement at the Dane County jail in July 2016. In particular, plaintiff contends that defendant Deputy Spears used excessive force against him by deploying pepper spray against another inmate in close proximity to plaintiff's cell. He also contends that defendants Deputies McCarragher, Anderson, Roper, Francis, Arneson, Wilk and Wagner were present at the time and failed to intervene to prevent the excessive force. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Dkt. #21. Because defendants have not met their burden of showing that plaintiff failed to exhaust his administrative remedies, their motion will be denied.

1

OPINION

A. Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "In determining whether a particular remedy was 'available' to a prisoner who failed to exhaust, the Court of Appeals for the Seventh Circuit has held that the key question is whether the prisoner or an official was at fault for the failure to complete the grievance process properly." Shaw v. Jahnke, 607 F. Supp. 2d 1005, 1010 (W.D. Wis. 2009) (citations omitted).

In this instance, defendants do not deny that plaintiff filed a grievance on July 5,

2

2016 about the pepper spray incident. However, defendants argue that plaintiff failed to exhaust his administrative remedies because he failed to file an administrative appeal after his grievance was denied, as required by Dane County jail grievance policies. In response, plaintiff argues that he did not file an appeal because he never received a decision on his July 5, 2016 grievance. Specifically, plaintiff was transferred to the Sauk County jail on July 13, 2016, while his grievance was still being investigated. He has submitted evidence showing that he attempted to find out the status of his grievance from Sauk County jail officials, but was unsuccessful. Dkt. #29-2. Plaintiff was later transferred back to Dane County jail, but never received a copy of the response to his grievance.

The general rule is that "if [a prisoner] did submit a grievance but received no ruling, he [i]s not required to file an appeal." Walker v. Sheahan, 526 F.3d 973, 979 (7th Cir. 2008). See also Roberts v. Neal, 745 F.3d 232, 236 (7th Cir. 2014) ("[A]ssuming [a grievance] was filed, [the prisoner] never received a response from the warden, and so didn't have to do anything further to keep his grievance alive.").

Defendants advance three arguments as to why this rule should not apply to plaintiff, but none is persuasive. First, defendants argue that plaintiff has not submitted evidence proving that he did not receive a response to his grievance. However, plaintiff does not have the burden of proving he exhausted his administrative remedies; rather, the burden is on defendants to prove that plaintiff failed to do so. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendants have submitted to no evidence showing that plaintiff did receive a response to his grievance. In conjunction with their reply brief, they submitted an affidavit from Lori

3

Prieur, a Dane County jail employee, but Prieur states only that she is responsible for mailing grievance responses to inmates no longer incarcerated at Dane County jail. Dkt. #32. She concedes that she has no record showing that she actually mailed a grievance response to plaintiff or that he received any response that was mailed. Id. ¶ 5. Additionally, defendants concede in their reply brief that plaintiff may never have received the response because he was transferred back to Dane County jail on July 29, 2016, just a few days after the response was purportedly mailed. Dkt. #31 at 3.

Second, defendants argue that plaintiff could have contacted the Dane County jail to inquire about the response to his grievance but failed to do so. They point to a jail policy stating:

> Inmates no longer in the jail or housed at another facility may access the formal grievance procedure by sending a letter to the Security Services Division, indicating the communication is a formal grievance and clearly stating the issue and date of incident.

Grievance Policy 607.07, p. 5, Section IV.A, dkt. #23-1. However, nothing in this policy language suggests that plaintiff's ability to inquire about the status of his grievance should be considered a step of Dane County jail's grievance process. Instead, this section appears to be directed at inmates who wish to initiate the grievance process but who have been transferred to a different facility, a situation that differs from plaintiff's, who had already started the grievance process.

Finally, defendants argue that even if plaintiff never received a response to his grievance, he still could have appealed after waiting 10 days to receive a response. It is true that some institutions have rules permitting a prisoner to appeal a grievance decision if the

prisoner does not receive a ruling on the grievance after a particular amount of time. E.g., 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). However, defendants have not shown that Dane County jail has such a rule. Defendants point to the section of Grievance Procedure 607.07 relating to grievances alleging sexual assault. That section states in pertinent part:

> A final decision of the merits of a grievance alleging sexual abuse shall be issued within 90 days of the initial filing of the grievance. . . If the inmate does not receive a reply at any level of the grievance review, the inmate can consider the absence of a response a denial. (PREA 115.52[d]).

Grievance Policy 607.07, p. 4, Section II.C, dkt. #23-1. However, this provision is based on the Prison Rape Elimination Act, 28 U.S.C. § 115.52(d)(2), and does not clearly apply to all types of grievances filed at the Dane County jail. Even if the provision could be interpreted as applying to all types of grievances, no ordinary prisoner would have understood the provision this way. Thus, the opportunity to appeal without first receiving a response to his initial grievance was not an "available" remedy to plaintiff. Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (remedy is unavailable if "no ordinary prisoner can make sense of what it demands").

In sum, defendants have not met their burden of proving that plaintiff failed to exhaust his administrative remedies. The evidence shows that plaintiff filed a grievance but was never notified of its outcome. Under the circumstances, Dane County jail policies did not permit him to appeal the grievance. Thus, plaintiff exhausted all remedies that were available to him.

5

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Deputies Spears, McCarragher, Anderson, Roper, Francis, Arneson, Wilk and Wagner, dkt. #21, is DENIED.

Entered this 25th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge