IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES DESHAWN HALL,

                                                    OPINION AND ORDER
                    Plaintiff,
                                                        17-cv-749-bbc
          v.

DEPUTY SPEARS, DEPUTY MCCARRAGHER,
DEPUTY ANDERSON, ANTHONY D. ROPER,
TIMOTHY J. FRANCIS, JACOB L. ARNESON,
MICHAEL J. WILK and G. WAGNER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff Charles Deshawn Hall is proceeding in this case on claims that

defendant Deputy Spears used excessive force against him by deploying pepper spray against

another inmate in close proximity to plaintiff's cell.  He also contends that defendants

Deputies McCarragher, Anderson, Roper, Francis, Arneson, Wilk and Wagner were present

at the time and failed to intervene to prevent the excessive force.  Now before the court are

plaintiff's motion to compel, dkt. #25, and motion for assistance in recruiting counsel.  Dkt.

#26.  For the reasons below, plaintiff's motion to compel will be granted in part and denied

in part.  His motion for assistance in recruiting counsel will be denied.


                              OPINION

                    A.  Motion Regarding Discovery

In his motion to compel, plaintiff contends that defendants improperly objected to

1

his requests for several types of evidence. I address each category of plaintiff's discovery requests below.

1. <u>Depositions of defendants and prisoner witnesses.</u>

Plaintiff requested that defendants arrange depositions of each defendant as well as prisoner witnesses present at the time of the incident at issue in this case. Defendants objected on the ground that plaintiff had failed to comply with the rules relating to depositions set forth in Federal Rule of Civil Procedure 30. Defendants are correct. Defendants are not required to arrange or pay for any depositions on plaintiff's behalf. If plaintiff wishes to depose defendants, he must comply with the procedures set forth in Rule 30, including arranging to record the deposition at his expense. Additionally, defendants do not have control over "prisoner witnesses" and have no authority or obligation to produce witnesses who are not parties to this lawsuit. Therefore, plaintiff's motion to compel depositions will be denied.

2. <u>Camera footage from the time of the incident's occurrence.</u>

Plaintiff requested from defendants all camera footage taken inside Unit 712, where the incident occurred, as well as footage from the area leading into Unit 712. Although jail and prison security footage is routinely disclosed in the context of litigation about alleged abuse by staff, defendants object on the ground that plaintiff's request is too broad because it encompasses areas of the jail that would be irrelevant to plaintiff's claim. Defendants also

argue that showing video footage of the jail to plaintiff raises security concerns.

Both plaintiff and defendants make valid points. Plaintiff has not explained adequately why he would need to see all areas of Unit 712, as opposed to the particular area in which defendants entered the unit and used pepper spray. Thus, I will deny his request for access to video footage of the entire unit and surrounding area.

However, defendants have provided little basis for denying plaintiff access to area of Unit 712 in which the pepper spray incident occurred. Generally, jail officials are not required to disclose information to inmates when doing so "would entail a security risk." Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003). On the other hand, a jail or prison cannot just assert "a blanket policy of keeping confidential security camera videotapes for safety reasons." Id. In this case, defendants have not provided sufficient information to allow the court to conclude that there is actually a security risk in showing the video to plaintiff. They state only that disclosing security camera footage "may reveal rotation schedules, watch schedules, the deputies' work schedules, the precise location of specific inmates, and confidential security measures taken by Dane County Jail." Dfts.' Br., dkt. #27, at 4. Reliance on a such vague security concerns is not enough. If defendants wish to withhold the video from plaintiff, they must explain specifically why the particular video footage raises a security risk. Defendants may do so by filing a copy of the video, assuming such video exists, with the court under seal within two weeks of the date of this order, along with a sealed affidavit attaching a schematic of the area being recorded, designating location of all video cameras and explaining which parts of the footage in particular raise security

concerns. The court will then review the video footage in camera and determine whether defendants' security concerns outweigh the video's relevance in this suit. In the alternative, defendants may contact the Federal Correctional Institution at Oxford, where plaintiff is incarcerated, and arrange for plaintiff to view the video footage. If defendants elect this option, they must make these arrangements within two weeks of the date of this order.

3. <u>Medical records deputies and other prisoners</u>

Plaintiff has requested that defendants provide "all acquired medical records of . . . any deputies or other prisoners stemming from the actions of the incident." Defendants object to the request on the ground that it is disproportional to the needs of this case and seeks information protected from disclosure under federal and state law.

This request will be denied. Generally, medical records are confidential and will be released only if the subject of the records agrees to the release. Plaintiff is the only party in this case that seeks damages for personal injury resulting from the pepper spray incident and thus, the only party that has been asked to disclose his medical records. Even if other prisoners were injured, their records are confidential and plaintiff is not entitled to view them. With respect to the deputy defendants, their medical records are also immaterial unless they attempt to argue that they were not injured in any way as a result of the incident. They have not made that argument at this stage. Thus, unless defendants later rely on their medical condition or health as a defense to plaintiff's claims, they are not required to release their medical records to plaintiff.

4.  Written incident reports.

Plaintiff requested from defendants copies of all written reports relating to the incident.  Defendants respond that they have provided all existing reports.  Although plaintiff argues that additional reports exist, he provides no evidence to support his argument.  Therefore, his request for additional written reports will be denied.

5.  All documents relating to similar alleged violations.

Plaintiff requests "all documents on the defendants' involvement in any and all similar violations of this case's claims."  Plaintiff's request is vague, overbroad and appears disproportionate to the needs of this case.  It is not clear what plaintiff means by "similar violations of this case's claims."  Additionally, plaintiff is not proceeding in this case on claims that the incident was the result of unconstitutional policies, practices or inadequate training, for which information about other incidents would be highly relevant.   Thus, without further explanation about what specific information plaintiff seeks and why it is relevant, I will deny plaintiff's motion to compel this information.

6.  Grievances or complaints by any prisoners or deputies.

Plaintiff requests that defendants provide copies of "any grievance or complaints of any prisoners and deputies who were present in Unit 712 during the date and time of the incident."  Defendants object on the ground that the request is vague and overbroad because plaintiff does not specify what topics or subject matters the request seeks and is not limited

to any period of time or any particular date. Defendants also argue that complaints by deputies and other inmates may include confidential information because they may implicate or involve medical problems.

I will grant plaintiff's request in part. For obvious reasons, complaints from inmates about the pepper spray incident itself are relevant to plaintiff's claims. Defendants must provide those to plaintiff, but may redact any confidential medical information. To the extent plaintiff's request encompasses inmate complaints about issues besides the pepper spray incident, defendants need not provide those complaints.


### B. Motion for Assistance in Recruiting Counsel

Plaintiff has also filed a motion for assistance in recruiting counsel for the purpose of obtaining the discovery that is the subject of his motion to compel. Dkt. #26.

I am denying this request for several reasons. First, as I explained to plaintiff previously, this court will not recruit counsel for a pro se litigant until the litigant makes reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To satisfy this requirement, plaintiff must submit rejection letters from at least three lawyers who declined to represent him in this case. If he contacted three lawyers but did not receive any rejection letters, he may submit a declaration or affidavit identifying the lawyers he asked, the date he made his requests and the way in which each lawyer responded. Plaintiff has not yet satisfied this requirement.

Second, plaintiff has not shown that the complexity of this case exceeds his abilities to litigate it. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Although plaintiff says he

6

needs counsel for the limited purpose of obtaining specific discovery from defendants, plaintiff has shown that he is capable of drafting and serving discovery requests on defendants and filing a motion to compel to obtain court assistance when necessary.

Finally, as explained previously, plaintiff's case is not complex. In comparison to many other cases brought by pro se litigants, plaintiff's claims will require much less discovery or investigation and is not the type of case for which this court generally recruits counsel. For these reasons, plaintiff's motion will be denied.

## ORDER

IT IS ORDERED that

1. Plaintiff Charles Deshawn Hall's motion to compel, dkt. #25, is GRANTED IN PART and DENIED IN PART. Within two weeks of the date of this order, defendants must:

a. Either file a declaration stating that no security video footage exists; arrange for plaintiff to view the security video footage; or file with the court a copy of the security video footage and a sealed affidavit as set forth above, and

b. Provide plaintiff copies of inmate complaints regarding the pepper spray incident at issue in this case.

Plaintiff's motion is DENIED in all other respects.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #26, is DENIED.

Entered this 2d day of July, 2018

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge