IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES DESHAWN HALL,

        Plaintiff,

v.

DEPUTY SPEARS, DEPUTY MCCARRAGHER,
DEPUTY ANDERSON, ANTHONY D. ROPER,
TIMOTHY J. FRANCIS, JACOB L. ARNESON,
MICHAEL J. WILK and G. WAGNER,

        Defendants.

OPINION AND ORDER

17-cv-749-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Charles Deshawn Hall is a federal inmate incarcerated by the Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. He is proceeding in this case on claims arising from his confinement at the Dane County jail in July 2016. In particular, plaintiff contends that defendant Deputy Robert Spears used excessive force against him by deploying pepper spray against another inmate in close proximity to plaintiff's cell. He also contends that defendants Deputies Phillip McCarragher, Brandi Anderson, Anthony Roper, Timothy Francis, Jacob Arneson, Michael Wilk and G. Wagner were present at the time and failed to intervene to prevent the excessive force.

      Before the court is defendants' motion for summary judgment, in which they argue that defendants' conduct did not rise to the level of a constitutional violation. Dkt. #44. Because I conclude that plaintiff has not shown that defendant Spears's use of force was unreasonable or that the other defendants acted unreasonably by failing to intervene, I will

1

grant defendants' motion. Also before the court is plaintiff's motion to compel additional discovery. Dkt. #42. I will deny that motion for the reasons set out below.

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed unless otherwise noted.

UNDISPUTED FACTS

On July 5, 2016, plaintiff Charles Hall was incarcerated at the Dane County jail. (Defendants state that plaintiff was serving a four-year sentence at the jail, but the evidence they cite does not support this proposed finding. Instead, it appears from court records that plaintiff was being held at the jail as a pretrial detainee awaiting trial on his federal conspiracy charge in United States v. Hall, 15-cr-122-wmc (W.D. Wis.)). Plaintiff was housed in Unit 712, in a cell adjacent to inmate Terrance Buchanan. Buchanan was approximately 5'10" tall and weighed approximately 200 pounds.

On July 5, 2016 at around 7:00 p.m., Buchanan began shaking his cell bars and shouting that he needed to see a nurse. Approximately five minutes later, defendant Deputy Brandi Anderson entered the unit and approached Buchanan's cell door. Anderson told Buchanan to stop shaking the cell bars and to calm down, but Buchanan continued to yell and would not speak with Anderson. Anderson left to ask defendant Michael Wilk for assistance.

Approximately five to ten minutes later, defendant Wilk entered Unit 712 and approached Buchanan's cell. Buchanan was still shouting and shaking his cell bars. Wilk

attempted to calm Buchanan down and told him that, for the safety of the medical staff, he had to calm down before he could see a jail nurse. Buchanan did not calm down and instead shouted at Wilk to "get him his fucking inhaler." Wilk told Buchanan that he would bring him an inhaler and repeated that Buchanan needed to calm down before he could see a jail nurse. Buchanan then threw a cup containing water at Wilk and shouted, "Get me the fuck out of here! I need to see a nurse." Wilk told Buchanan that he would be transferred out of the unit and placed into a segregation cell because of his behavior. Wilk then contacted additional deputies to help him transfer Buchanan out of the unit.

While additional deputies were gathering, Buchanan continued to scream and began to flood his cell with water. He threw paper, books and sheets from his cell into the dayroom. Approximately 10 minutes later, several deputies had gathered in the unit. They approached Buchanan's cell and attempted to speak with him. Buchanan continued shouting. By this time, Buchanan had flooded his cell and water was seeping outside of his cell and into the dayroom. Wilk ordered Buchanan to calm down, back away from the cell door and lie on his stomach so that deputies could safety enter his cell and secure him. Wilk attempted to gain voluntary compliance from Buchanan for approximately five minutes, but Buchanan refused to comply. Buchanan told Wilk that he would "kick [his] ass if [he] c[a]me in." Wilk says that Buchanan also stated that he was going to "kill" Wilk and himself. (Plaintiff says he did not hear Buchanan say "I'm going to kill you" or "I'm going to kill myself.")

After Buchanan made the threatening statements, defendant Deputy Robert Spears

3

removed his pepper spray container from its holster and shook it in front of Buchanan. Spears administered two short bursts of pepper spray directly into Buchanan's cell and towards Buchanan. (Spears says he sprayed Buchanan twice without pause, while plaintiff says Spears shook the pepper spray canister between sprays. This dispute is immaterial.) Buchanan calmed down immediately, backed away from his cell door and lay on his stomach. Defendants then entered Buchanan's cell, handcuffed Buchanan and transferred him out of the unit.

Four or five seconds after Spears used pepper spray on Buchanan, plaintiff began to cough and state that he could not breathe. He told defendants that he felt a sharp pain in the lower part of his stomach. Approximately five minutes later, after Buchanan had been secured and taken out of the unit, defendant Anderson returned to the unit with a fan to ventilate the area to remove the pepper spray. Plaintiff asked Anderson whether he could see a jail nurse and told Anderson that he thought the fan was making the situation worse. Three to six minutes later, Anderson contacted a jail nurse and transferred plaintiff out of the unit. Approximately 30 minutes later, a nurse evaluated plaintiff and told him to request a visit with a jail doctor, which plaintiff did. The next day, a jail doctor evaluated plaintiff, concluded that he was constipated and provided him pain medications and stool softeners. Plaintiff told the doctor he did not need stool softeners.

Plaintiff was transferred out of Dane County jail and taken to the Sauk County jail on July 26, 2016. Shortly after his transfer, a doctor at the Sauk County jail told plaintiff the pain he was experiencing was from a hernia. Plaintiff believes the hernia was caused by

the pepper spray incident.

OPINION

A. <u>Defendants' Motion for Summary Judgment</u>

Plaintiff contends that defendant Spears's use of pepper spray in close proximity to his cell amounted to excessive force in violation of his constitutional rights. He also contends that defendants Wilk, McCarragher, Anderson, Roper, Francis, Arneson and Wagner violated his rights by failing to stop Spears from deploying the pepper spray. Because plaintiff was a pretrial detainee at the time of the incident, his claims arise under the due process clause of the Fourteenth Amendment. <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015); <u>Miranda v. County of Lake</u>, 900 F.3d 335, 353 (7th Cir. 2018).

To succeed on an excessive force claim under the Fourteenth Amendment, a plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." <u>Kingsley</u>, 135 S. Ct. at 2473. Relevant factors to be considered include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." <u>Id.</u>

After applying these factors to the present case, I conclude that defendants are entitled to summary judgment. It is undisputed that defendant Spears used pepper spray on an inmate who was causing a significant disturbance on the unit by shouting, making violent

5

threats, throwing items out of his cell toward a deputy, flooding his cell with water and refusing to comply with orders to calm down, back away from the cell door and lie on his stomach. Defendants Anderson and Wilk attempted to calm Buchanan before any force was used, but inmate Buchanan refused to speak with them or comply with their orders. Additionally, Spears's use of pepper spray was restrained. He deployed only two short bursts of pepper spray and directed them into Buchanan's cell and toward Buchanan. After Spears deployed the pepper spray, no additional force was used on Buchanan or plaintiff. As soon as defendants gained control of the situation with Buchanan, they took steps to clear the pepper spray from the unit and provide medical attention to plaintiff. Finally, with respect to the extent of plaintiff's injury, plaintiff believes he developed a hernia as a result of coughing caused by the pepper spray. However, plaintiff does not have medical knowledge sufficient to provide an opinion regarding the cause of his hernia and he has submitted no medical record or medical opinion to substantiate his own belief. Under these circumstances, no reasonable jury could conclude that Spears's use of force, and the other defendants' failure to prevent him from using such force, was objectively unreasonable.

Plaintiff concedes that defendant Spears was responding to a significant disturbance caused by inmate Buchanan. However, plaintiff contends that Spears's use of pepper spray was objectively unreasonable for several reasons. First, he says he does not recall inmate Buchanan telling deputies he was going to kill someone or himself, and in any event, Buchanan was confined in his cell and could not harm anyone. However, the fact that plaintiff does not remember Buchanan's making threats does not mean that defendants did not hear the threats. Moreover, even if Buchanan did not make such statements, Spears's use

6

of pepper spray was objectively reasonable in light of Buchanan's behavior. Spears's use of pepper spray allowed defendants to gain control of Buchanan and transport him to a cell where he could receive medical attention from a nurse.

Second, plaintiff argues that defendant Spears's use of force was unreasonable because inmate Buchanan had a breathing condition that was aggravated by the pepper spray. However, plaintiff submits no evidence to support his statements about Buchanan's medical condition or to establish that any defendant had knowledge of Buchanan's medical condition.

Third, plaintiff argues that defendants' actions were inconsistent with several Dane County jail policies regarding cell entry, deployment of pepper spray and reporting requirements. However, whether defendants complied with jail policies is not determinative of whether defendants violated plaintiff's constitutional rights. Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006) ("[T]his court has consistently held that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of . . . departmental regulations and police practices."). In sum, plaintiff has identified no genuine factual disputes that would preclude summary judgment on his excessive force claim.

Finally, even if plaintiff had shown that a reasonable jury could conclude that defendants' use of force was excessive, I would conclude that defendants are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012). In other words, qualified immunity "shields from liability police officers 'who act in ways they reasonably believe to be lawful.'" Jewett v. Anders, 521 F.3d 818, 822 (7th Cir.

2008) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)).  Qualified immunity is an affirmative defense, but the plaintiff carries the burden of defeating it once it is raised. Rabin v. Flynn, 725 F.3d 628, 632 (7th Cir. 2013).  To defeat the qualified immunity defense, a plaintiff must show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time so that it would have been clear to a reasonable officer that his or her conduct was unlawful in the situation.  Saucier v. Katz, 533 U.S. 194, 201-02 (2001); Ewell v. Toney, 853 F.3d 911, 919 (7th Cir. 2017).

Plaintiff has identified no legal authority indicating that jail deputies violate the Fourteenth Amendment by using a limited amount of pepper spray under circumstances similar to those in this case.  All of the excessive force cases cited by plaintiff are distinguishable, because none involved situations in which correctional officers used a limited amount of pepper spray to gain control of an unruly inmate who was shouting, making threats, flooding his cell, throwing items at guards and refusing orders.  Accordingly, defendants are entitled to summary judgment on the merits of plaintiff's claims and on the grounds of qualified immunity.

### B. Plaintiff's Motion to Compel

On July 2, 2018, I granted in part and denied in part a motion to compel filed by plaintiff. Dkt. #35. On October 11, 2018, plaintiff filed a second motion to compel, stating that defendants had failed to comply with the court's order by not providing him (1) access to camera footage of the pepper spray incident; (2) reports written by a supervisor of the

incident; (3) grievances filed by inmate Buchanan concerning the incident; and (4) plaintiff's medical records.

I will deny plaintiff's motion. Shortly after I issued the July 2 order, defendants notified the court and plaintiff that there was no video footage of the pepper spray incident. Dkt. #36. As for any supervisory report or inmate grievances, defendants notified plaintiff previously that they had provided him all of the internal reports generated regarding the incident and the grievance Buchanan had filed regarding the incident. Finally, defendants have provided plaintiff with his medical records. Dkt. #53. Therefore, defendants have responded adequately to all of plaintiff's discovery requests.

Moreover, plaintiff has not explained why he believes any additional discovery would change the outcome of this case, and I cannot conceive of one. The material facts are undisputed. Plaintiff's primary argument is that defendant Spears should not have deployed pepper spray under the circumstances here. However, for the reasons explained above, Spears's use of pepper spray was objectively reasonable and even if it was not, neither Spears nor the other defendants violated clearly established law.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Deputies Spears, McCarragher, Anderson, Roper, Francis, Arneson, Wilk and Wagner, dkt. #44, is GRANTED.

2. Plaintiff Charles Deshawn Hall's motion to compel, dkt. #42, is DENIED.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 8th day of February, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge